# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JOHN LEFLORE                                                                                     PLAINTIFF

VS.                                                           CIVIL ACTION NO.: 4:18-CV-87-SA-JMV

JAMEKA MCNAIR
MARSHALL FISHER
JOHN DAVIS
CATHY SYKES                                                                           DEFENDANTS

## Order Holding in Abeyance Motion to Proceed *in forma pauperis*

This matter is before the Court on the *pro se* Plaintiff, John Leflore's, Motion for Leave to Proceed *In Forma Pauperis* "IFP". Doc. #2. Because the Court, as explained hereafter, finds that the original pleading in this matter is frivolous and fails to either assert a jurisdictional basis for this court to entertain the case or to otherwise state a cause of action under Fed. R. Civ. Pro. 12(b)(6), the motion to proceed IFP will be held in abeyance for a period of (21) twenty-one days from the date hereof to allow Plaintiff an opportunity to successfully move to amend the original pleading so as to state a non-frivolous and cognizable cause of action over which this court has jurisdiction.

### Background

On April 9, 2018, the *pro se* Plaintiff filed an initial pleading in this case asserting claims of civil rights violations against the Defendants. In connection therewith, Plaintiff has also filed a motion to proceed IFP.

In support of the motion, the Plaintiff asserts that he is entitled to relief in the amount of $100,000, but, despite diligent effort, the undersigned can discern no coherent fact pattern, let

alone a viable legal premise, upon which to found jurisdiction or any claim for relief. By way of explanation, the court has incorporated herein the totality of the narrative of Plaintiff's initial pleading:

> ☑ **Federal Question:** Claim arises under the Constitution, laws, or treaties of the United States.
>
> If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.
>
> First and foremost the First Amendment right of freedom of association and freedom of assembly, and the Fifth Amendment nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.
>
> State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions.
>
> **FACTS:**
>
> *What happened to you?*
>
> Each one of the defendants is either a contractor for the agency (IV- D) or an applicant, that partook in the violations and infringements on my inalienable rights. The appliacnt Jameka Mcnair was the one who applied for Human Health Services, or TANF services, which is a IV-A Loan. John Davis and Cathy Sykes are over the IV-D agency which is a single and seperate unit from government, which is the enforcement for the IV-A (TANF) loan. Finally Marshall Fisher, Commissoner for the Mississippi Dept of Public Safety, who land the most atrocious damage to John LeFlore by denying the liberty to make a honest living and equal proctections of rights, by contracting with the IV-D agency, and fraudulently suspended my license to drive.

Doc. #1 at 3-4.

**Law and Analysis**

*Federal Rules of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 8 states that a civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The Supreme Court has interpreted the "short and plain statement requirement to mean

that the complaint must provide the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)).

When considering whether the complaint is sufficient to state a claim under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint, viewing them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court, further, acknowledges its obligation to liberally construe the pleadings of a lay person, like the plaintiff, when they are proceeding in a case without benefit of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). However, even then, "we disregard a complaint's unsupported legal conclusions, for a formulaic recitation of the elements of a cause of action will not suffice to state a plausible claim. Rather, a complaint must allege enough **factual matter**… to suggest the elements required for a claim." *Electrostim Med. Servs. v. Health Care Serv. Corp.*, 614 F. App'x 731, 736 (5th Cir. 2015)(emphasis added)(citation omitted)(quotation marks omitted)(quoting *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 556).

Further, pursuant to 28 U.S.C. § 1915(e), should a plaintiff proceed *in forma pauperis* with a complaint that is frivolous or that fails to state a claim upon which relief can be granted, the court **must** dismiss the complaint. 28 U.S.C. § 1915(e)(2)(B). The court **may** deny leave to proceed *in forma pauperis* if it determines "from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

In the instant case, no viable claim is suggested by the sparse facts alleged.

*Federal Rules of Civil Procedure 12(b)(1)*

Courts also have a duty to examine their own jurisdiction, and are required to dismiss, *sua sponte*, any action over which they lack jurisdiction. *Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); Fed.R.Civ.P. 12(h)(3).

In light of the Plaintiff's *pro se* status, he is instructed that, in order to bring suit in federal court, a case must satisfy the requirements for subject matter jurisdiction. Subject matter jurisdiction can primarily be established in two ways.

First, the case can arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This first type of subject matter jurisdiction is called "Federal Question Jurisdiction."

Second, the case may be brought in federal court if it involves more than $75,000 in controversy and all plaintiffs are citizens of different states than all defendants. 28 U.S.C. § 1332. This second type of subject matter jurisdiction is called "Diversity Jurisdiction."

In the body of the complaint, Plaintiff makes only the following vague references to the U.S. Constitution: "first amendment right of freedom of association and freedom of assembly, and the Fifth Amendment nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation," and "equal protection of rights" with no discernible facts offered in support thereof.

Consequently, it does not appear from the complaint that the court has federal question jurisdiction.

Further, because the citizenship of the parties cannot be determined from the pleading, the court is unable to determine whether diversity jurisdiction exists. Without either type of subject matter jurisdiction, this court cannot hear the Plaintiff's case.

*Leave to Amend*

When a plaintiff's complaint suffers from a pleading deficiency, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Erinle v. City of Houston*, 2011 WL 1884065, at *2 (S.D. Tex. May 17, 2011); *see, Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

However, a Plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); *see also, Ayers v. Johnson,* 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999))).

*The Plaintiff's Complaint*

As noted above, and as is clearly demonstrated from the language of Plaintiff's original pleading, quoted above, does not properly state a claim or even state facts from which some cognizable claim over which this court has jurisdiction might be conceivably pieced together. Accordingly, the Motion to Proceed IFP [2] is held in abeyance.

Further, because of Plaintiff's *pro se* status, the court will permit him leave to file a motion to amend the original pleading with a proposed amended pleading attached. The motion to amend must be filed within (21) twenty-one of the date of this Order.

Finally, the Plaintiff is forewarned, however, that if the proposed amended complaint itself fails to support federal jurisdiction and/or otherwise state a claim, the undersigned will recommend

to the district judge that the motion to proceed IFP [2] be denied and the case be dismissed with prejudice.

## Conclusion

For the foregoing reasons, the court:

1. **Holds in abeyance** Plaintiff's Motion for Leave to Proceed IFP [2]; and
2. Permits Plaintiff leave to move to amend by filing a motion to amend **with a copy of the proposed amended complaint attached** within 21 days of the date of this order. If the leave to amend is not thereafter granted, the undersigned will recommend to the district judge that this case be dismissed with prejudice for the reasons set forth herein.

**SO ORDERED**, this, the 13th day of April, 2018.

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**
